UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CRIMINAL ACTION NO. 6:10-06-GFVT-2


UNITED STATES OF AMERICA,                                                    PLAINTIFF,


V.                              **MAGISTRATE JUDGE'S REPORT
                                & RECOMMENDATION**


ROBERT E. CADDELL,                                                    DEFENDANT.


*** *** *** ***

This matter is before the Court on Defendant Robert E. Caddell's, ("Caddell"), *pro se*
Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  [Record No.
324].  Consistent with local practice, the matter has been referred to the undersigned for
preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Having been
fully briefed, and for the reasons discussed below, it is recommended that Caddell's Motion to
Vacate, Set Aside or Correct Sentence be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2010, Caddell was indicted in United States District Court on charges
including conspiring to distribute crack cocaine, distributing powder cocaine, as well as being a
convicted felon in possession of a firearm.  [Record No. 16]  Following his Motion for
Rearraignment, [Record No. 138], Caddell pled guilty on March 2, 2011 to conspiracy to
distribute 50 grams or more of a mixture or substance containing a detectable amount of crack
cocaine and being a convicted felon in possession of a firearm. [Record No. 288].  Pursuant to

the provisions of the plea agreement, Caddell admitted to conspiring with others to distribute approximately 1,644 grams (over 1.5 kilograms) of crack cocaine and 12,000 grams (12 kilograms) of "powder" cocaine.   [Record No. 288].   Based on these admissions, Caddell's guideline range for imprisonment was 168 to 210 months under the November 1, 2010 United States Sentencing Guidelines and its Supplement. [*See* Record No. 141, ¶ 5(a)]. Caddell was sentenced on March 23, 2012, to 126 months of imprisonment followed by five (5) years of supervised release.  [Record No. 291].

Caddell did not appeal his plea, conviction, or sentence.  [Record No. 324].  On February 19, 2013, Caddell filed the instant motion seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  [Record No. 324].  In his motion, Caddell asserts two (2) claims for relief: a) that he is entitled to be resentenced for the conspiracy to distribute crack cocaine charge under the Fair Sentencing Act of 2010 pursuant to the Supreme Court's holding in Dorsey v. United States, 132 S.Ct. 2321, 2328-29 (2012); and b) that he should be resentenced on the felon in possession of a firearm charge because his original sentence was imposed to mirror the minimum term of imprisonment for the conspiracy charge.  [Record No. 324 at 5].  For the reasons that follow, it will be recommended that Caddell's motion be denied.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, to successfully challenge conviction, a movant must establish either an error of constitutional magnitude which had a substantial injurious influence on the proceedings or a mistake of fact or law that was so fundamental as to result "in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Walton v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citations and quotation omitted). Accordingly, to prevail under § 2255, a federal prisoner "must allege as a basis for

relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire process invalid" Pough v. U.S., 442 F.3d 959, 964 (6th Cir. 2006) (quoting Mallet v. U.S., 334 F.3d 491, 497 (6th Cir. 2003)).

### III. ANALYSIS

Congress enacted the Fair Sentencing Act, ("FSA"), to reduce the sentencing disparity between offenses involving powdered cocaine and crack cocaine. Dorsey v. United States, 132 S.Ct. 2321, 2328-29 (2012). The FSA increased the amounts of crack cocaine triggering the five (5) and ten (10) year mandatory minimums from five (5) grams to twenty-eight (28) grams and from fifty (50) to 280 grams, respectively. Id.; *see also* 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii). The FSA went into effect on August 3, 2010. In Dorsey v. United States, the Supreme Court held that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-[FSA] sentencing of pre-[FSA] offenders." Dorsey, 132 S.Ct. at 2335. Dorsey made the mandatory minimums of the FSA applicable retroactively to all defendants sentenced after August 3, 2010, even if the offense was committed before the FSA took effect. Id., at 2335-36.

Caddell committed the acts for which he was convicted between 2004 and February 2010, before the FSA was enacted.  On March 23, 2012, after the FSA was enacted, Caddell was sentenced to 126 months of imprisonment followed by five (5) years of supervised release. However, Caddell was, in fact, sentenced pursuant to the new guidelines set forth within the FSA.  As previously stated, under Dorsey, the FSA increased the amounts of crack cocaine triggering the five (5) and ten (10) year mandatory minimums from five (5) grams to twenty-eight (28) grams and from fifty (50) to 280 grams, respectively. Id.; *see also* 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii).  Caddell plead guilty to conspiring to distribute 1.5 kilograms of

crack cocaine, which is over five (5) times the necessary amount of 280 grams to trigger the ten (10) year mandatory minimum. In this manner, Caddell's sentence was imposed in line with the FSA mandatory minimum and <u>Dorsey</u>, and therefore, he is not entitled to relief.

Caddell's second claim for relief states that he should be resentenced on the felon in possession of a firearm charge because the sentence of 120 months to be served concurrently with the sentence of 126 months for the conspiracy charge was imposed as a result of the fact that he was already subject to 120 month mandatory minimum on the conspiracy charge. [Record No. 324, at 6-7]. Therefore, Caddell asserts that, since he is entitled to be resentenced for the conspiracy charge with the FSA's lower mandatory minimums, he should also be resentenced on the felon in possession of a firearm charge, as that sentence was a result of and imposed to mirror the original minimum and sentence for the conspiracy charge. [Record No. 324, at 6-7]. However, this ground of relief is premised on Caddell being entitled to be resentenced on the conspiracy charge under <u>Dorsey</u>. As Caddell's original sentence was calculated under the FSA and imposed in accordance with <u>Dorsey</u>, he is not entitled to be resentenced for the conspiracy charge. Therefore, the basis for his second claim for relief fails as its necessary assumption that he should be resentenced under the FSA is erroneous. Accordingly, he is not entitled to relief based on the grounds asserted in his motion.

## IV. <u>CONCLUSION</u>

Having considered the matter fully, and for the reasons stated above,

IT IS RECOMMENDED that Defendant Caddell's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Record No. 324] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must

be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984).   General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.   Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed May 23, 2013.



Signed By:
Edward B. Atkins
United States Magistrate Judge